United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41630
Summary Calendar

SCOTT SAMUEL MONROE,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CV-389
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Scott Samuel Monroe appeals the district court's denial of his petition for a writ of error coram nobis. Monroe sought coram nobis relief from his 1988 guilty-plea conviction for tax evasion. Monroe asserted in his petition that he discovered for the first time in February 2004 that a critical element of the offense to which he pleaded guilty was an intent to defeat or avoid taxes. Monroe asserted that his conviction was a miscarriage of justice because the district court failed to ascertain whether he had such

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

intent and because he did not, in fact, have such intent. He asserted that a writ of coram nobis was the appropriate remedy for his claim because he was not aware of the claim until his sentence was completely served and because he continued to suffer civil disabilities flowing from his felony conviction.

On appeal, Monroe challenges the district court's determination that he failed to show that he exercised reasonable diligence in seeking relief and had failed to show that unless relief was granted, there would be a complete miscarriage of justice. He argues that the record affirmatively demonstrates he did not have the required intent. The district court was free to reject Monroe's unsworn, self-serving assertions in favor of his sworn affidavit and statements under oath. See Blackledge v. Allison, 431 U.S. 63, 74 (5th Cir. 1977). Monroe thus fails to show an error resulting in a complete miscarriage of justice. See United States v. Dyer, 136 F.3d 417, 422, 430 (5th Cir. 1998). Further, Monroe has failed to offer sound reasons for his failure to seek relief earlier. Id. The district court did not abuse its discretion in denying the petition.

AFFIRMED.